By the Court, Bronson, J.
As there was no dispute about facts, the question of due diligence belonged to the court as matter of law, and not to the jury. (Bank of Utica v. Bender, 21 Wend. 643 ; Remer v. Downer, 23 Wend. 620.) But although the judge was right in taking the question into his own hands, I think it was not properly decided. There may be a slight presumption that the drawer of a bill or the maker of a note resides at the place where the paper is dated; but I see no ground for presuming that the endorser lives at that place. Even in the. case of a drawer, it is not sufficient to send notice to the place where the bill is dated, if the drawer reside else *522 where, and no enquiry be made. (Lowery v. Scott, 24 Wend. 358 ; Hill v. Varrell, 3 Greenl. 232 ; Bayley on Bills, 283, Boston ed. 1836.) Now what kind of diligence was there in this case 1 The notary enquired of some persons in the barroom of a hotel opposite the bank, but he does not know who they were; and he enquired either at the post office, or of individuals he met in the street, and he does not know which. Nor does he know any of the individuals of whom he sought information. This is far enough.from amounting to due diligence. The notary should have gone among the business men of the place, and if he had done so, the evidence does not leave room for a doubt that he would at once have obtained correct information concerning the residence of the endorser. Rust had lived in a village only a few miles distant, more than forty years; he was engaged in business, had held public offices, and was well known to many of the business men at Salina. Again, the notary did not obtain any affirmative information. No one told him that Rust lived at Syracuse, where the notice was sent. If he had been told by some credible person, who would be likely to know the fact, that Rust lived at Syracuse, he might have acted upon that information without pushing his enquiries further. (Bank of Utica v. Bender, 21 Wend. 643 ; Ransom. v. Mack, 2 Hill, 587.) But until some one is found who professes to be able to give the required information, it will not do to stop short of a thorough enquiry at places of public resort, and among such persons as would be most likely to know the residence of the endorser. The defendants fell far short of making out such due diligence as will excuse the misdirection of the notice.'
New trial granted.